# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| THE CINCINNATI INDEMNITY COMPANY, ) ) ) Plaintiff, ) ) v. ) ) A&K CONSTRUCTION CO., INC., ) d/b/a KIRCHNER & COMPANY, ) ) and ) ) KEVIN KIRCHNER, ) ) Defendant. ) | Case No. 4:07-CV-4133-NKL |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant A&K Construction's ("A&K") and Kevin Kirchner's ("Kirchner") Motions to Dismiss for Lack of Subject Matter Jurisdiction [Docs. ## 6, 15]. For the reasons given herein, the Defendants' motions are GRANTED.

**I. Background**

Cincinnati Indemnity Company ("Cincinnati") issued Policy # WC1823065-05 to A&K for workers' compensation and employer liability coverage on March 6, 2006. The policy was effective on May 17, 2006. (Pl. Brief Ex. A). On May 17, 2006, Kevin Kirchner drove his ATV from his farm located at 41883 Ponderosa Lane, Russellville, Missouri, to 43736 South Kreek Road, Russellville, Missouri, the business address of

1

A&K. Kirchner's ATV collided with a Ford F-150 pickup truck driven by Terez Tomka, causing Kirchner serious and permanent injuries. Cincinnati and A&K dispute whether Kirchner was driving back to work to retrieve tools required for repairing his own fence or whether he was repairing the fence, adjacent to A&K property, at the direction of A&K. (Kirchner Brief ¶¶ 7-8). Pursuant to Missouri's Declaratory Judgment Act, Mo. Rev. Stat. § 527.010, Cincinnati requests this Court to issue a declaratory judgment ruling that Kirchner was not an "employee" at the time of the accident and, therefore, was not covered by Cincinnati's policy.

Kirchner and A&K argue in their motions to dismiss that the Division of Workers' Compensation of the Missouri Labor and Industrial Relations Commission ("Commission") has exclusive jurisdiction to decide who is a statutory employee and, therefore, this Court lacks subject matter jurisdiction over Cincinnati's request for a declaratory judgment. Mo. Rev. Stat. § 287.020 (2006).

**II.     Legal Standards**

The Missouri Labor and Industrial Relations Commission has exclusive jurisdiction to hear any claim in which a threshold question is whether a work-related injury resulted from an accident arising out of and in the scope of employment. *State ex rel. McDonnell Douglas Corp. v. Ryan*, 745 S.W.2d 152, 153 (Mo. 1988). "Appellate courts [in Missouri] have interpreted the legislature's admonition to construe the [Worker's Compensation Act] liberally to mean that '[t]he legislative design . . . was to ameliorate, in the interest of the [worker] and the public welfare, the losses sustained by

[the worker] and [the worker's] dependents from accidental injuries received by [the worker] in the proper course of . . . work'." *Bass v. National Supermarkets, Inc.*, 911 S.W.2d 617, 619 (Mo. banc 1995) (citations omitted, cert. denied, 517 U.S. 1208, 116 S. Ct. 1825, 134 L. Ed. 2d 930 (1996). Doubts as to jurisdiction, therefore, should be resolved in favor of the Commission. *Oberreiter v. Fullbright Trucking Co.,* 117 S.W.3d 710, 716 (Mo. Ct. App. 2003).

Under Missouri's primary jurisdiction doctrine, a trial court may not decide a controversy involving a question that is within the jurisdiction of an administrative agency until after that agency has rendered its decision: (1) where administrative knowledge and expertise are demanded; (2) to determine technical, intricate fact questions; (3) where uniformity is important to the regulatory scheme. *Killian v. J&J Installers, Inc.*, 802, S.W.2d 158, 161 (Mo. 1991) (citing *Lamar v. Ford Motor co.*, 409 S.W.2d 100 (1966)).

### III.    Discussion

Cincinnati asks this Court to determine whether Kirchner was an "employee" at the time of the accident as that term is defined in its policy. On the other hand, Cincinnati admits that the Court does not have jurisdiction to determine whether the injury resulted from an accident arising out of and in the scope of employment. (Pl. Brief, 4). Under the facts of this case, there is no meaningful distinction between the two inquiries and, therefore, this Court lacks jurisdiction.

3

Cincinnati cites *Lamar v. Ford Motor Co.*, 409 S.W.2d 100 (Mo. 1966), and *Jones v. Jay Truck Driver Center, Inc.*, 709 S.W.2d 114, 115 (Mo. 1986), for the proposition that trial courts have concurrent jurisdiction to determine whether an injured party was an "employee" under the Workmen's Compensation Act. In *Lamar*, the question was whether a union representative was an employee of Ford Motor Company or a union employee. If he were an employee of Ford, then his exclusive remedy would be in Workers Compensation. In *Jones*, the plaintiff, no longer an employee, suffered injury while exiting the employer premises after asking for his job back. The trial court faced the question of whether the ex-employee was an "employee" for purposes of jurisdiction. The *Jones* court reaffirmed *Lamar,* but specifically ruled that the primary jurisdiction doctrine will be applied where questions involve "administrative expertise, technically factual situations and regulatory systems in which uniformity of administration is essential." *Jones*, 709 S.W.2d at 115.

Thus, in both *Lamar* and *Jones*, the question was whether the plaintiff was even an employee of the defendant. The question was not whether the plaintiff was working in the scope of his employment at the moment of the accident. In contrast, Cincinnati does not actually dispute that A&K employed Kirchner on the day of the accident. Rather, Cincinnati is claiming that Kirchner was doing work for himself and not his employer at the moment of the accident. This is effectively an inquiry into whether Kirchner was driving his ATV at the direction of his employer; i.e., did the accident occur in the scope of Kirchner's employment. This is precisely the kind of dispute that is routinely resolved

by the Labor and Industrial Relations Commission that requires administrative expertise and must be uniformly resolved. Furthermore, Cincinnati has an adequate remedy at law, so equitable relief is not appropriate. *See Cincinnati Cas. Co. v. GFS Balloons*, 168 S.W.3d 523 (Mo. Ct. App. 2005).

Under the express language of § 287.120, a trial court may determine whether plaintiff was an "employee" but *may not determine whether there was an "accident arising out of and in the course of employment*." *Id.* (emphasis added). Accepting jurisdiction in this case would allow 1) workmen's compensation insurance providers and others to circumvent the clear desire of the Missouri state legislature for the Commission to resolve these questions, and 2) jeopardize regulatory uniformity in its decisions.

Cincinnati's argument that *Cincinnati Casualty Co. v. GFS Balloons*, 168 S.W.3d 523 (Mo. Ct. App. 2005), supports its position is not persuasive. In *GFS Balloons*, the Missouri appellate court affirmed the trial court's dismissal of Cincinnati's request for declaratory relief as to its workers' compensation insurance liability policy where a worker was injured while repairing a roof at his employer's personal residence. 168 S.W.3d at 526 (citations omitted). Cincinnati creatively interprets *GFS Balloons* as favorable authority because it requested declaratory relief beyond designation that the injured worker was an "employee." However, the reasoning of *GFS Balloons* clearly supports the conclusion that this Court lacks jurisdiction over Cincinnati's declaratory judgment action and the small factual differences do not support a contrary conclusion.

Accordingly, it is hereby

ORDERED that Defendants' Motions to Dismiss [Doc. ## 6 and 15] are GRANTED.

                    s/ Nanette K. Laughrey
                    NANETTE K. LAUGHREY
                    United States District Judge

Dated: November 8, 2007
Jefferson City, Missouri