**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| THE CINCINNATI INDEMNITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:07-CV-4133-NKL ) |
| A&K CONSTRUCTION CO., INC., d/b/a KIRCHNER & COMPANY, | ) ) ) ) |
| and | ) ) |
| KEVIN KIRCHNER, | ) ) |
| Defendant. | ) |

**ORDER**

Pending before the Court are Defendant Kevin Kirchner's ("Kirchner") Motion to Dismiss or in the Alternative, to Stay Proceedings [Doc. # 34] and Plaintiff Cincinati Indemnity Company's ("Cincinnati") Motion to Stay Proceedings [Doc. # 36]. For the reasons given below and in the Eighth Circuit's opinion of September 15, 2008, the Court will abstain from exercising jurisdiction and will dismiss this declaratory judgment action without prejudice.

**I.   Background and Procedural History**

Cincinnati Indemnity Company ("Cincinnati") issued Policy # WC1823065-05 to Defendant A&K Construction Company ("A&K") for workers' compensation and employer liability coverage on March 6, 2006. The policy was effective on May 17, 2006. (Pl. Brief

1

Ex. A). On May 17, 2006, Kevin Kirchner drove his ATV from his farm located at 41883 Ponderosa Lane, Russellville, Missouri, to 43736 South Kreek Road, Russellville, Missouri, the business address of A&K. Kirchner's ATV collided with a Ford F-150 pickup truck driven by Terez Tomka, causing Kirchner serious and permanent injuries.

Kirchner filed a workers' compensation claim against A&K with the Missouri Department of Labor and Industrial Relations (LIR). Cincinnati opposed Kirchner's claim before the LIR. Cincinnati and A&K dispute whether Kirchner was driving back to work to retrieve tools required for repairing his own fence or whether he was repairing the fence, adjacent to A&K property, at the direction of A&K. (Kirchner Brief ¶¶ 7-8). The LIR claim is still pending.

Cincinatti filed for declaratory judgment in the Circuit Court of Moniteau County, Missouri, requesting that court's interpretation of its insurance policy. The state trial court entered an interlocutory order dismissing the case without prejudice under Missouri's "primary jurisdiction" doctrine. The state court case is still pending because, in Missouri, "[a]n interlocutory order is always under the control of the court making it, [and a]t any time before final judgment a court may open, amend, reverse or vacate an interlocutory order." *Cincinnati Indem. Co. v. A&K Constr. Co.*, 542 F.3d 623, 624 n.1 (8th Cir. 2008) (quoting *Woods v. Juvenile Shoe Corp. of Am.*, 361 S.W.2d 694, 695 (Mo. 1962)).

Cincinnati requested this Court to issue a declaratory judgment that, under the insurance policy in question, Kirchner was not an "employee" at the time of the accident and, therefore, was not covered. Kirchner and A&K argued in motions to dismiss that the

2

Division of Workers' Compensation of the Missouri Labor and Industrial Relations Commission ("Commission") had exclusive jurisdiction to decide who is a statutory employee and, therefore, this Court lacked subject matter jurisdiction over Cincinnati's request for a declaratory judgment. Mo. Rev. Stat. § 287.020 (2006). The Court granted Defendants' motions in its order of November 8, 2007.

On appeal, the Eighth Circuit Court of Appeals vacated and remanded, finding that this Court has subject matter jurisdiction to try Missouri workers' compensation claim where the requirements of diversity jurisdiction were met, but that because Cincinnati sought "only a declaratory judgment . . . [the Court] should have considered abstaining from exercising jurisdiction in this declaratory case where a parallel state lawsuit is pending." *Cincinnati Indem. Co.*, 542 F.3d at 624–625. The Court of Appeals found that this Court erred by not abstaining, and remanded to allow this Court to consider whether this case should be dismissed without prejudice or stayed. *Id.* at 625. Kirchner has moved to dismiss the case, while Cincinnati has moved for a stay of proceedings pending resolution of the state court case.

**II.     Discussion**

In deciding whether to exercise its discretion to entertain a declaratory judgment action, this Court must "determine if the question in controversy would be better settled in the proceedings in the state court." *Id.* (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). In this case, the parties and issues before the Court are identical to those before the state court, all the necessary parties are joined in the

3

state court action, the issues are governed by Missouri law, and all claims can be adequately resolved in state court, "which will result in uniform decisions within [Missouri's workers' compensation] scheme." *Id.* The issues here would be better settled in the Missouri courts; the Court must abstain from exercising jurisdiction on these facts. *Id.*

"So long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention." *Clay Reg'l Water v. City of Spirit Lake, Iowa*, 193 F. Supp. 2d 1129, 1155 (N.D. Iowa 2002) (citing *Wilton v. Seven Falls Co.* 515 U.S. 277, 288 n.2 115 S.Ct. 2137 (1995); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 n. 2 (8th Cir. 2000)). However, where the Court "see[s] no reason for the case to return to federal court . . . dismissal rather than a stay is appropriate." *Capitol Indem. Corp.*, 218 F.3d at 875 n. 2. Plaintiff requests a stay rather than a dismissal without prejudice "just in case the State Court action cannot be procedurally pursued." (Pl.'s Mot. ¶ 6). The Court does not see how this case could return to the federal courts, and Plaintiff has not explained how this action could return to federal court as a justiciable case.

4

**III. Conclusion**

Accordingly, it is hereby

ORDERED that Cincinatti's Motion to Stay Proceedings [Doc. # 36] is DENIED, and Kirchner's Motion to Dismiss, or in the Alternative, to Stay Proceedings [Doc. #34] is GRANTED. This case is dismissed without prejudice.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: December 12, 2008
Jefferson City, Missouri